**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:24CV-186-CRS**

**THOMAS CATRON**                                                                                           **PLAINTIFF**

**v.**

**TINA PAYNE** *et al.*                                                                                        **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Thomas Catron filed the instant *pro se* action. He also filed an application to proceed without prepayment of fees (DN 3). Upon review of the application, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a). Accordingly, **IT IS ORDERED** that the application (DN 3) is **GRANTED**.

A review of the complaint reveals that this Court lacks jurisdiction over the subject matter of the action, and the Court will dismiss the case.

**I.**

Plaintiff filed the complaint on a complaint form titled, "Complaint for a Civil Case Alleging that the Defendant Owes Plaintiff a Sum of Money (28 U.S.C. § 1332; Diversity of Citizenship)" (DN 1). Plaintiff sues Tina Payne, Brenda Moffit, and Sherri Embry, listing for each an address in Kentucky, and "John Does et al."

Where the complaint form asks for the amount in controversy, Plaintiff states, "The full amount will be assessed with experienced legal counsels and help of the court in the immediate future. The money this instrument seeks is the minimum owed me, by virtue of my grand mother's wishes as testator of her estate of which subpoenad analysis will be required." Plaintiff alleges that Defendants Payne, Embry, and Moffit owe him $500,000 and that the amount was paid to them on January 1, 2009. He states, "The money was established dominion over by the

plaintiff by fraudulent, coercive, and dishonorable means. They made verbal agreements with Audrey Vanhooser after creating a need for them by not allowing for the creation of legitimate legal instruments of which they were not involved." Plaintiff also asserts as follows:

> It is unjust in a multitude of legal and ethical areas including, but not limited to breaches of duty, breaches of fiduciary duty, breaches of verbal contract, coercion, duress, fraudulent concealment, unjust enrichment, civil conspiracy to defraud, civil conspiracy to extort, civil conspiracy to deprive rights under color of law. Federal questions, federal law, and color of law are intrinsic to every issue involved.

In the relief section, Plaintiff states as follows:

> I ask the court order the defendants transfer $500,000 to an account in my name at first bank in Hawesville, Kentucky as a preliminary matter. If a hearing is scheduled to address this issue alone as a result of the defendants protest to the transfer, in interest of saving the courts time and resources, I ask we address another issue at the same time as the equity issues in this case are of purposeful and itentional design and of immediate concern.
>
> I ask the court to then allow myself time to obtain legal counsel.[1]
>
> I would ask more, but I respectfully ask the court's patience be exercised until federally experienced legal counsel is obtained to assess the complex multitude of legal issues the defendants have created. The duties and obligations of which they were responsible not being fulfilled has caused heavy undue burdens and urgent need as to those being fulfilled. With Counsel immediate pursuit of amending the complaint to full scope will be done.

## II.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to

---

[1] The Court does not construe the complaint as requesting the appointment of counsel. However, Plaintiff is not entitled to the appointment of counsel in a civil case. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

In the present case, Plaintiff fails to establish diversity jurisdiction as there is not complete diversity of citizenship since he and the three known Defendants are citizens of Kentucky. *See* 28 U.S.C. § 1332.

In addition, Plaintiff has not met his burden of establishing federal-question jurisdiction under 28 U.S.C. § 1331. The "well-pleaded complaint" rule requires that "a federal question be presented on the face of the complaint." *Mich. S. R.R. Co. v. Branch & St. Joseph Ctys.*, 287 F.3d 568, 573 (6th Cir. 2002). Plaintiff cites no facts to support a claim for the violation of his constitutional rights or any other federal cause of action. Therefore, the complaint fails to establish federal-question jurisdiction.

Accordingly, Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, and the Court will dismiss this action by separate Order.

Date: April 4, 2024

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4411.010